UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WYATT STRICKLAND,

    Petitioner,

v.                                        Case No. 2:13-cv-325
                                            HON. GORDON J. QUIST
JEFFREY WOODS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner Wyatt Strickland filed this petition for writ of habeas corpus, challenging his jury conviction for armed robbery, Mich. Comp. Laws § 750.529, third-degree fleeing and eluding, § 257.602a(3), and assaulting, resisting or obstructing a police officer (A/R/O), Mich. Comp. Laws § 750.81d(1). Petitioner was sentenced as a fourth-offense habitual offender, MCL § 769.12, to 12 to 20 years imprisonment for armed robbery, 12 to 20 years imprisonment for fleeing and eluding, and 10 to 15 years imprisonment for A/R/O, all running concurrently. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

        Petitioner alleges that:

    I. Due process entitles Petitioner to withdraw his plea when it was not voluntarily or knowingly rendered and was in fact coerced by the totality of the circumstances and loss of confidence caused by trial counsel's failure to adequately meet with him to prepare for trial.

    II. The case should be remanded for an evidentiary hearing to determine whether or not Petitioner received effective assistance of

>counsel because many of Petitioner's claims are not part of the record even though he has sworn them in an affidavit.
>
>III. The trial court abused its discretion when it scored OV 4 ten (10) points for degree of psychological injury to a victim when the record did not support such scoring.
>
>IV. The trial court abused its discretion when it scored OV 9, number of victims, ten (10) points when the record did not support such scoring.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is

"contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that his guilty plea was not voluntarily, knowingly, or intelligently made. A guilty plea is valid if it is entered voluntarily and intelligently as determined under the totality of the circumstances. See *Brady v. United States*, 397 U.S. 742, 749 (1970). The United States Constitution requires that a defendant be informed of all of the direct consequences of his plea. See *Brady*, 397 U.S. at 755. A review of the plea hearing fails to provide any support for Petitioner's claim that his guilty plea was not knowingly and intelligently made.

The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct.

517, 523 (1992). In the present case, after a thorough interrogation of petitioner, the state judge found that Petitioner's plea of guilty was entered knowingly and voluntarily.

> MR. STURTZ: May it please the Court, Philip Sturtz appearing here with Mr. Wyatt Strickland. Your Honor, today is the time and date set for a plea in this case. We, before this date, had a meeting with the Court in a Cobbs hearing. It's my understanding as far as a plea agreement in this case, my client will enter a plea of guilty to Counts I, II and III, acknowledge his HOA status in this particular case and that the Court has agreed upon a Cobbs hearing in this case of no more than 12 years.
>
> THE COURT: All right. Mr. Fehrman?
>
> MR. FEHRMAN: That's correct. There is a Cobbs agreement of no more than 12 years on the minimum sentence, and that's based largely on the defendant's prior criminal history.
>
> THE COURT: All right. Do you want to swear this gentleman, please.
>
> THE CLERK: Yes, Judge. Sir, please raise your right hand. Do you solemnly swear or affirm to tell the truth, the whole truth, and nothing but the truth, so help you God?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Your name, sir, is Wyatt Strickland, Jr.?
>
> THE DEFENDANT: Yes, sir, Your Honor.
>
> THE COURT: Mr. Strickland, you've been here in court, you heard what Mr. Sturtz had to say and the prosecutor. Are you in agreement with what's been proposed?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Thank you. Have you had a chance before coming here today to talk with Mr. Sturtz about the nature and consequences of the charges then to which you'd be entering a plea?
>
> THE DEFENDANT: Yes.

THE COURT: All right. You understand that Count I carries up to a potential of life or any term of years unless there's an aggravated assault or serious injury, then it's not less than two years; Count II, fleeing in the third is a five year max or $1,000; Count III, R and O, is two years and/or a 2,000, and the maximums on those are – the potentials are enhanced to life if any offense has a penalty of five years or more and 15 years or less if the penalty comes under five years, do you understand that?

THE DEFENDANT: Yes, sir, Your Honor.

THE COURT: All right. Am I also correct previously you've been convicted of a felony or attempt to commit a felony on or about January 12 of 1970, having to do with an offense of rape, that occurring in the Saginaw Circuit Court?

THE DEFENDANT: Yes, sir.

THE COURT: And also you were previously convicted on or about May 9th of '73, September 27 of '82, February 1st of '88, September 12 of 2002 respectively of the offenses of armed robbery in the first two, the third was larceny from a person, and the last on 9/12 was unarmed robbery, those all occurring, I believe, in the Saginaw Circuit Court?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Has anyone promised you anything in order to get you to plead here today, other than what's stated on the record?

THE DEFENDANT: No, sir, Your Honor.

THE COURT: Anyone told you your sentence would be lighter, other than what's stated on the record?

THE DEFENDANT: No, sir.

THE COURT: Anybody threaten you in anyway, sir?

THE DEFENDANT: No, sir, Your Honor.

THE COURT: Are the attorneys aware of any threats, promises or inducements, other than what may have been placed on the record?

MR. FEHRMAN: There are none.

MR. STURTZ: I'm not aware of any.

THE COURT: Do you understand also that any appeal you may wish to take of your conviction is one that is by leave and not by right. In other words, if for some reason after you've pled and been sentenced you decide you want to appeal, you would have to ask the Court of Appeals to accept your case, you wouldn't have a right to an appeal, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You've also signed an advice of rights form indicating you've reviewed those rights that you're giving up if the Court accepts your plea and signed a document indicating you've done so in writing and that you understand those; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: That's your signature on the document I'm holding up?

THE DEFENDANT: Yes, sir.

THE COURT: Are you currently under the influence of any alcohol or medications, prescribed or otherwise, as we speak?

THE DEFENDANT: No, sir.

THE COURT: And how do you wish to plead to Counts I through III as previously indicated? Guilty?

THE DEFENDANT: Yes, sir, Your Honor.

THE COURT: Doing so freely and voluntarily?

THE DEFENDANT: Yes.

THE COURT: Doing so because you are guilty?

THE DEFENDANT: Yes, sir.

ECF No. 8-6, PageID.100-104.

The record establishes that Petitioner entered into his plea agreement knowingly and voluntarily. In the opinion of the undersigned, Petitioner has failed to show a violation of his constitutional rights. The decisions of the Michigan courts did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner additionally claims that his constitutional right to effective counsel may have been violated and requests that this court remand this case for an evidentiary hearing to determine whether or not his defense counsel was effective. Petitioner fails to show that his constitutional rights were violated, as he does not have a constitutional right to a hearing on the effectiveness of his counsel. Petitioner does not allege that his counsel was ineffective, but rather claims that he is entitled to a hearing to determine this issue. As Petitioner's claim focuses on the state court's application of its own procedural rule, it cannot be a basis for habeas relief, since it only concerns matters of state law. *May v. Renico*, 2002 WL 31748845, *5 (E. D. Mich. 2002).

Moreover, this Court has authority to conduct an evidentiary hearing upon a showing by Petitioner that there are disputed material facts that should be resolved. Not every set of nonfrivolous allegations entitles a habeas corpus petitioner to an evidentiary hearing. *Blackledge v. Allison*, 431 U.S. 63, 80 (1977). The decision whether to order an evidentiary hearing to settle disputed issues of material fact is discretionary with the Court. *See* Rule 8(a), RULES GOVERNING § 2254 CASES (directing judge to make determination of whether evidentiary hearing is required); *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001). "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release,

relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford*, 266 F.3d at 459 (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994)). "'[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." *Id.* (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir.1991)); *see also Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). In the opinion of the undersigned, Petitioner has not raised a sufficient factual dispute that could justify a need for an evidentiary hearing.

Petitioner also claims that the trial court abused its discretion when it scored OV 4 10 points for degree of psychological injury to a victim, as well as when the trial court scored OV 9, number of victims, 10 points. Federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982). Petitioner was convicted as a fourth habitual offender. As a result, Petitioner faced potential maximum life terms of imprisonment for his armed robbery and fleeing and eluding convictions. Petitioner faced a maximum term of fifteen years imprisonment for assaulting and resisting or obstructing a police officer. Thus, Petitioner's maximum sentences did not exceed the prescribed statutory maximum for the offenses.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal

habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual

reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court's sentencing findings were not sufficiently supported. Such claims fall far short of the sort of egregious circumstances implicating due process. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

Although Petitioner has a constitutional right to not be sentenced on the basis of "misinformation of a constitutional magnitude, *Roberts v. United States*, 445 U.S. 552 (1980), Petitioner does not dispute the information the trial court relied on and acknowledges that it was accurate. Petitioner argues that the trial court misapplied state law to the accurate information. Because Petitioner has not alleged any violation of any federal constitutional right, his claims concerning the scoring are not cognizable on habeas review, as habeas relief is not available for alleged violations of state law. *Estelle v. McGuire*, 502 U.S. at 67-68; *Smith v. Phillips*, 445 U.S. 209. Additionally, Petitioner bargained for and received a minimum sentence of 12 years, therefore, the scoring guidelines did not affect his sentence.

In the opinion of the undersigned, Petitioner has failed to show that his constitutional rights were violated during his sentencing proceeding. The decisions of the Michigan courts did not result in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: May 31, 2016                       /s/ TIMOTHY P. GREELEY
                                          TIMOTHY P. GREELEY
                                          UNITED STATES MAGISTRATE JUDGE